UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DR. SUBAH PACKER, Ph.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:12-CV-00008-TWP-DKL |
| ) | |
| TRUSTEES OF INDIANA ) | |
| UNIVERSITY SCHOOL OF ) | |
| MEDICINE and DR. MICHAEL ) | |
| STUREK, in his Official Capacity, ) | |
| ) | |
| Defendants. ) | |

## ENTRY ON DEFENDANTS' PARTIAL MOTION TO DISMISS

This matter is before the Court on Defendants' Motion to Partially Dismiss Plaintiff Subah Packer's, Ph.D. ("Dr. Packer"), Complaint against the Defendants, the Trustees of Indiana University School of Medicine ("Trustees") and Dr. Michael Sturek ("Dr. Sturek") (collectively, "Defendants"). Dr. Packer's Complaint alleges violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Equal Pay Act of 1963. *See* 42 U.S.C. § 2000e *et seq.*; 29 U.S.C. § 206(d), *et seq*. Specifically, Dr. Packer alleges the Defendants engaged in gender discrimination against her when she was working as the Associate Professor of Cellular & Integrative Physiology at the Indiana University School of Medicine ("University"). Dr. Packer alleges the Defendants failed to give her merit raises and institutional support because of her gender and Defendants created a hostile work environment in the workplace. Furthermore, she claims the Defendants compensated her at a lower rate than her male colleagues for equal work in violation of the Equal Pay Act. Lastly, she alleges that the Defendants retaliated against her in violation of Title VII for complaining about their allegedly discriminatory practices. For the reasons set forth below, Defendants' Motion to Partially Dismiss Plaintiff's Claims (Dkt. 10) is **GRANTED**.

## I. BACKGROUND

Dr. Packer is an Associate Professor in IU's the University's Department of Psychology and Dr. Sturek is the chair of the Department of Psychology.  Dr. Packer filed a Charge of Discrimination with the Equal Employment Opportunity Commission and thereafter, filed the Complaint herein.  After the filing of her Complaint, Defendants filed a motion to partially dismiss Dr. Packer's claims with respect to Count I.  Specifically, Defendants argue that Dr. Packer's claim against Dr. Sturek under Title VII should be dismissed because the Seventh Circuit has ruled that a supervisor cannot be held liable in his individual capacity under Title VII. *See Williams v. Banning*, 72 F.3d 552 (7th Cir. 1995).  Because the Defendants do not address the factual allegations incorporated in Dr. Packer's Complaint, the Court will focus its analysis solely on the merits of the legal arguments presented in its Rule 12(b)(6) motion.

## II. LEGAL STANDARD

When reviewing a 12(b)(6) motion, the Court takes all well-pleaded allegations in the complaint as true and draws all inferences in favor of the plaintiff.  *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted).  However, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)).  Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted).  To be facially *plausible*, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

### III. **DISCUSSION**

Dr. Packer argues that it is permissible to name her supervisor, Dr. Sturek, as a defendant in his individual capacity because he is the chief enforcer of her inequitable pay, gender bias and ongoing retaliation for which she seeks injunctive relief. Therefore, Dr. Packer asserts under the circumstances in this case, Dr. Sturek is personally liable for her damages under Title VII. Defendants counter by arguing that the Seventh Circuit has repeatedly held that supervisors cannot be found liable in their individual capacity under Title VII. As such, Defendants argue that Dr. Packer's Title VII claim against Dr. Sturek should be dismissed for failure to state a claim upon which relief can be granted. The Court agrees.

A covered entity under Title VII is an "employer," which is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees…and any agent of such a person." 42 U.S.C. § 2000e(b). With respect to this definition, the Seventh Circuit has found that "Congress intended only for employers to be liable for their agent's actions under the traditional *respondeat superior* doctrine, not for agents to be personally liable." *Gastineau v. Fleet Mortg. Corp.*, 137 F.3d 490, 494 (7th Cir. 1998). In particular, in *Williams v. Banning*, the Seventh Circuit in affirming a lower court's dismissal of a plaintiff's Title VII claims of sexual harassment against her supervisor stated that "a supervisor does not, in his individual capacity, fall within Title VII's definition of employer." 72 F.3d at 555. Furthermore, the Seventh Circuit reiterated a similar finding in *Silk v. City of Chi.*, 194 F.3d 788 (7th Cir. 1999), when it stated "[o]ur case law is clear that a supervisor cannot be held liable in his individual capacity under…Title VII." *Id.* at 797; *see also Passananti v. Cook Cnty.*, 689 F.3d 655, 662 (7th Cir. 2012).

In this case, Dr. Packer has not alleged facts in her Complaint that demonstrate that Dr. Sturek can be held individually liable under Title VII. Dr. Packer argues that because she seeks injunctive relief with respect to Dr. Sturek, he can be held individually liable in this matter. However, this argument is misplaced because a remedy for injunctive relief imposed against an employer will also be enforceable against its managerial employees. *See Schanzer v. Rutgers Univ.*, 934 F. Supp. 669, 677 (D.N.J. 1996) ("Certainly any injunctive relief against the employer would be enforceable alike against the employer's officers, directors, management, employees, and others acting in concert with the employer, a concept embedded in the federal rule governing injunctions and their effect.") (internal citation omitted). In addition, the Court concludes that Count I against Dr. Sturek in his official capacity should also be dismissed because the proper defendants in this matter are the Trustees. *See Collins v. Meike*, 52 F. App'x 835, 836 (7th Cir. 2002) (affirming the district court's dismissal of Title VII claims against an individual defendant in her official capacity because it was redundant); *Bryson v. Chi. State Univ.*, 96 F.3d 912, 917 (7th Cir. 1996). Based on the binding precedent of the Seventh Circuit and the applicability of injunctive relief against the Trustees, the Court concludes that Dr. Sturek may not be held individually liable under Title VII. Accordingly, the Court finds that the Title VII claims under Count I of the Complaint must be dismissed against Defendant Dr. Michael Sturek.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, Defendants' Motion to Partially Dismiss Plaintiff's Claims (Dkt. 10) is **GRANTED**. Accordingly, Count I of Plaintiff's Complaint as against Defendant Dr. Michael Sturek is hereby **DISMISSED WITH PREJUDICE**.

SO ORDERED.

Date: 12/18/2012

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

4

DISTRIBUTION:

Ellen E. Boshkoff
FAEGRE BAKER DANIELS LLP - Indianapolis
ellen.boshkoff@faegrebd.com

Edward E. Hollis
FAEGRE BAKER DANIELS LLP - Indianapolis
edward.hollis@faegrebd.com

John F. Ittenbach
ITTENBACH JOHNSON TRETTIN & KOELLER
jfittenbach@IJTKlaw.com

Amanda L. Shelby
FAEGRE BAKER DANIELS LLP - Indianapolis
amanda.shelby@faegrebd.com