UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DR. SUBAH PACKER, Ph.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:12-cv-00008-TWP-DKL |
| ) | |
| TRUSTEES OF INDIANA UNIVERSITY/ ) | |
| SCHOOL OF MEDICINE and ) | |
| DR. MICHAEL STUREK, ) | |
| ) | |
| Defendants. ) | |

**BRIEF IN SUPPORT OF DEFENDANTS' BILL OF COSTS**

On December 22, 2014, the District Court entered judgment against Plaintiff Dr. Subah Packer, Ph.D., and dismissed all of her claims. Defendants Trustees of Indiana University/School of Medicine and Dr. Michael Sturek ("Defendants") respectfully submit this brief in support of their Bill of Costs.

**I.     Applicable Law**

Under Rule 54(d) of the Federal Rules of Civil Procedure, unless a statute, rule, or court order provides otherwise, "costs – other than attorney's fees – should be allowed to the prevailing party." A prevailing party is the party "in whose favor judgment is rendered." *Testa v. Village of Mundelein*, 89 F.3d 443, 447 (7th Cir. 1996). There is a strong presumption that the prevailing party will recover costs, and such presumption is difficult to overcome. *U.S. Neurosurgical, Inc. v. City of Chicago*, 572 F.3d 325, 333 (7th Cir. 2009) (citing *Weeks v. Samsung Heavy Indust. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997). A district court's determination that a particular cost is reasonable and necessary will not be overturned absent an abuse of discretion. *U.S. Neurosurgical, Inc.*, 572 F.3d at 333. Under 28 U.S.C. § 1920 (2), costs

to be awarded include "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." If a cost is listed in Section 1920, there is a presumption that it will be taxed. *Endress & Hauser, Inc. v. Hawk Measurement Sys. Pty. Ltd.,* 922 F. Supp. 158, 159 (S.D. Ind. 1996).

Once a statutory basis for taxing costs has been established, the issues are whether the cost was "reasonably necessary to the conduct of the litigation and [whether] the cost is reasonable." *State of Ill. v. Sangamo Const. Co.,* 657 F.2d 855, 864 (7th Cir. 1981).

**I.     Defendants Are Entitled To The Requested Costs**

  **A.  Defendants Are Entitled To Deposition Transcript Costs**

The costs of a plaintiff's deposition transcript – including costs associated with videotaping the deposition – have been held reasonably necessary. *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 701-02 (7th Cir. 2008) (district court was authorized to award prevailing party costs of both video-recording and stenographically transcribing the same deposition); *Cengr v. Fusibond Piping Systems, Inc*., 135 F.3d 445, 455 (7th Cir. 1998) (costs of depositions and deposition transcripts of plaintiff and witnesses to events that gave rise to plaintiff's discharge held reasonably necessary to preparation of defendant's motion for summary judgment); *Hilligoss v. Hovious*, No. IP 90–1524–C, 1993 WL 8707, at *4 (S.D. Ind. Jan. 12, 1993) (costs of depositions of parties, dismissed parties, testifying witnesses, non-testifying witnesses, or persons listed as witnesses but not called at trial are taxable). Defendants deposed Plaintiff in anticipation of filing a motion for summary judgment at the close of discovery and used excerpts from Plaintiff's deposition transcript in support of its summary judgment motion. *See Cengr*, 135 F.3d at 455 ("The introduction of a deposition in a summary judgment motion or at trial is not a prerequisite for finding that it was necessary to take that deposition … the proper inquiry is

2

whether the deposition was 'reasonably necessary' to the case at the time it was taken, not whether it was used in a motion or in court.").

For her part, Plaintiff deposed the following Indiana University employees or former employees:  Dr. Stephen Bogdewic, Dr. Michael Sturek, Dr. Stephen Kempson, Dr. Cheikh Seye, Dr. Fredrick Pavalko, Kim Denise Kirkland, Dr. Donald Craig Brater, Dr. Gary Pike, Dr. Patricia Gallagher, Dr. Mark Seifert, Dr. Charles R. Bantz, and Dr. Susan Gunst.  Defendants used excerpts from the deposition transcripts of Dr. Stephen Bogdewic, Dr. Michael Sturek, Dr. Stephen Kempson, Dr. Fredrick Pavalko, Kim Denise Kirkland, Dr. Donald Craig Brater, Dr. Gary Pike, Dr. Charles R. Bantz and Dr. Susan Gunst in support of their summary judgment motion, and are thus entitled to recover the associated costs of those transcripts.  Since Plaintiff herself deposed Dr. Cheikh Seye, Dr. Patricia Gallagher and Dr. Mark Seifert, it was reasonably necessary for Defendants to obtain a copy of their deposition transcripts in anticipation of trial and for the defense of the litigation generally, and Defendants are also entitled to the costs of those transcripts regardless of whether they were cited in summary judgment briefing.  *Cengr*, 135 F.3d at 455.   Accordingly, the court reporter's fees for copies of these deposition transcripts, which total $14,239.70, are taxable. An itemized listing and copies of invoices reflecting the reasonableness of the court reporter's fees for the deposition transcripts identified above are attached to Defendants' Bill of Costs as Exhibit A.

**B.  Defendants Are Entitled To Recover Copying Costs**

Under 28 U.S.C. § 1920 (4), "fees for … the costs of making copies" are also recoverable costs.  Defendants request copying charges in the total amount of $107.54 for costs incurred in obtaining a copy of Plaintiff's medical records from third-parties.  These records were used in deposing Plaintiff, briefing summary judgment, and defense of the litigation generally.

3

The above-cited copying costs were reasonable and necessary in this litigation, and Defendants request reimbursement of said costs. Copies of invoices reflecting the reasonableness of these fees are attached to Defendants' Bill of Costs as Exhibit B.

WHEREFORE, Defendants respectfully request that the Court tax costs against Plaintiff in the amount of $14,347.24.

Respectfully submitted,

FAEGRE BAKER DANIELS LLP

By: s/Ellen E. Boshkoff
Ellen E. Boshkoff (#16365-49)
Amanda L. Shelby (#27726-49)
300 N. Meridian St., Suite 2700
Indianapolis, IN 46204
Phone: (317) 237-0300
Fax:    (317) 237-1000
E-mail: ellen.boshkoff@faegrebd.com
             amanda.shelby@faegrebd.com

Attorneys for Defendants, Trustees of Indiana University/School of Medicine

**CERTIFICATE OF SERVICE**

       I hereby certify that on January 2, 2015, a copy of the foregoing was filed electronically. Notice of this filing will be sent to parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

       John F. Ittenbach
       ITTENBACH JOHNSON TRETTIN & KOELLER
       6350 North Shadeland Avenue, Suite 4
       Indianapolis, IN 46220

       s/Ellen E. Boshkoff
       Ellen E. Boshkoff (#16365-49)
       Amanda L. Shelby (#27726-49)
       300 N. Meridian St., Suite 2700
       Indianapolis, IN 46204
       Phone: (317) 237-0300
       Fax: (317) 237-1000
       E-mail: ellen.boshkoff@faegrebd.com
              amanda.shelby@faegrebd.com